**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2343
_____

GUANG ZAI CHEN,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-538-100)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2013
Before:  JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 22, 2013)
_____

OPINION
_____

PER CURIAM

        Guang Zai Chen petitions for review of a decision of the Board of Immigration

Appeals (BIA).   For the reasons below, we will deny the petition for review.

Chen, a citizen of China, entered the United States in January 2006. He was charged as removable for being present in the United States without being admitted or paroled. Chen conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He alleged that he had suffered past persecution and had a well-founded fear of persecution under China's family planning policy. After a hearing, an Immigration Judge (IJ) denied relief. On appeal, the BIA remanded the matter for the IJ to consider Chen's claim that he faced sterilization in China. The IJ again denied relief, and the BIA dismissed Chen's appeal. Chen filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Chen needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A); I.N.S. v. Stevic, 467 U.S. 407, 429-30 (1984). To be eligible for withholding of removal under the CAT, he needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2). We may not reverse the BIA's decision unless the record

2

evidence would compel a reasonable fact-finder to conclude that Chen had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

The IJ found that Chen had not suffered past persecution. App. at 12. In her second opinion, the IJ determined that Chen did not have a well-founded fear of future persecution. App. at 26. She noted that Chen and his wife had only one child and were in compliance with the family planning policy. App. at 25. The IJ observed that Chen's wife has not been forcibly sterilized, and Chen provided no evidence of other individuals who were sterilized after having only one child. Id. The BIA upheld the IJ's findings. App. at 4. The BIA noted that the written statements from Chen and his wife did not indicate that the government officials had threatened or even tried to contact Chen. App. at 5.

Chen contends that he suffered past persecution and has a well-founded fear of future persecution under China's family planning policy. He argues that when his wife became pregnant with their second child without permission, he was forced to go into hiding and flee the country because he was in violation of the family planning policy. He states that after he fled China, his wife was forcibly aborted. He asserts that if returned to China, he would be forcibly sterilized.

Spouses of those persecuted by coercive population control policies are not automatically eligible for asylum. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). A spouse remains eligible for relief if he qualifies as a refugee based on

3

his own persecution or well-founded fear of persecution for "other resistance" to a coercive population control program. Id. Chen's allegations that he was forced to hide and flee the country do not amount to persecution. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) ("Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution."); Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution denotes extreme conduct, including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.") Chen argues without explanation that he has demonstrated resistance to the family planning policy. However, he has not explained how he was persecuted or would have a well-founded fear of persecution based on this unspecified resistance.

Chen argues that he submitted a family planning notice which confirms that he has a well-founded fear of sterilization. The BIA gave little weight to Chen's documents because they were unauthenticated, the author was unknown, and they were obtained for the purpose of the hearing. App. at 4. We have held that such unauthenticated documents may properly be discounted. Ying Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011). Chen argues that applicants for asylum cannot be expected to obtain authenticated documents from their persecutors. The BIA noted that because Chen's wife purportedly obtained the notice from the authorities on Chen's behalf, his failure to prove its authenticity was significant. App. at 4-5. The BIA did not err in giving the notice little weight.

4

Chen has not shown that the record would compel a reasonable factfinder to conclude that he suffered past persecution or has a well-founded fear of persecution. Because Chen has not met his burden for asylum, he also has not met the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Because Chen did not address his CAT claim in his brief, we agree with the Government that he has waived it. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

For the above reasons, we will deny the petition for review.